Shaw, C. J.
In a suit on a promissory note, by payee against maker, it appears that this note was given by the defendant to the plaintiff, in whole or in part payment for a farm, conveyed by plaintiff to the defendant. Simultaneously with the deed and note, these parties executed a mutual agreement, reciting the conveyance, and further reciting that a suit was then pending between Marcus Daggett and Salome Shaw, which brought into controversy a part of the north side of said farm, which was in part claimed by said Shaw. It was then stipulated, that if it should be determined in law (in that suit) that said Levi, the grantor, was not entitled to the whole or any part of a. triangular piece of land, described *521 and included in said conveyance of the whole, then said Levi should refund and repay to said Harvey two hundred dollars, and in that proportion for a less quantity.
Strictly speaking, the land embraced in this deed was not in controversy in the suit referred to; but the decision in. that suit depended on the establishment of a certain described line, and the fixing of that line would, as a necessary consequence, determine the grantor’s north line, and show whether he owned and has a right to convey to the defendant, and did legally convey by the line stated; or whether the grantor’s line at the easterly end must be brought down farther south, so as to diminish the quantity of land granted, by a triangular piece of land of about seven acres.
The court are of opinion, under the circumstances, that the true construction and legal effect of this agreement was, to make the grantor’s title and right to convey depend upon the final decision of the case of Daggett v. Shaw, it being true that the same fact which would determine their line would determine the grantor’s line, and thus affect the quantity of land conveyed. It was certainly wise, instead of having a controversy of their own, to let the question be determined by a suit, which we happen to know from other sources was a long and sharply contested litigation, between other parties, respecting an obscure and doubtful line. [See 5 Met. 223.] The effect of this agreement was, that if Daggett should prevail, the grantee would take by the northerly line described, and hold the whole parcel, and pay the full price stipulated; but if Shaw should prevail, the deed would give title to the grantee of about seven acres less. The result was, that Shaw did-prevail in that suit, and therefore the event occurred upon which, by the terms of the agreement, the defendant is entitled to a deduction from the purchase money of two hundred dollars.
But it is contended, on the part of the plaintiff, that the defendant’s only remedy on this agreement is by a cross action. If the purchase money had all been paid, the defendant’s remedy must have been by action to recover back. But bo long as the purchase money remained unpaid, although a *522 note had been given for it, if the note is still held by the grantor, the suit is on the note; it is in effect a suit for the purchase money. The deed, the note, and the agreement in a certain event to refund, were in effect parts of one transaction, to be construed together; and then the effect of the agreement was, in the event that happened, to make the purchase money two hundred dollars less than the sum named, and it may well be deducted in this action.
The court are therefore of opinion that the verdict must be set aside, and a new trial granted, in which the defendant may have the deduction, according to the agreement. If it exceeds or equals the balance due on the note, the defendant will be entitled to a verdict; otherwise, the plaintiff will have a right to a verdict for the balance due on his note, subject to this deduction. New trial ordered.